# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SAMANTHA MAY MURPHY,[1] | § |
| | § No. 8, 2023 |
| Respondent Below, Appellant, | § |
| | § Court Below - Family Court |
| v. | § of the State of Delaware |
| | § |
| DYLAN MURPHY, | § File No. CS22-04421 |
| | § Petition No. 22-05889 |
| Petitioner Below, Appellee, | § |
| | § |
| and | § |
| | § |
| DONALD W. KRAVITZ and DAWN J. | § File No. CS22-04760 |
| KRAVITZ, | § Petition No. 22-11838 |
| | § |
| Petitioners Below, Appellees. | § |

Submitted: July 21, 2023
Decided: August 29, 2023

Before **TRAYNOR**, **LeGROW**, and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated January 4, 2023. The Family Court appropriately considered the best-interest factors set forth in 13 *Del. C.* § 722 in light of the evidence presented and acted within its broad discretion when deciding the custody and residential

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

arrangements for the children.[2] "Factual findings will not be disturbed on appeal unless they are clearly erroneous," and [w]hen the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact."[3] As to the appellant's contention that the Family Court erroneously prevented her from presenting evidence, the record reflects that the Family Court gave the appellant significant latitude in presenting her case,[4] and we discern no abuse of discretion in the Family Court's evidentiary rulings.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *See Russell v. Stevens*, 2007 WL 3215667, at *2 (Del. Nov. 1, 2007) (affirming Family Court's award of primary residential placement and stating that when the Family Court appropriately considers and weighs each of the best interest factors, the "law vests wide discretion in the trial court to determine where custody shall be placed").

[3] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).

[4] *See generally Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015) (observing that self-represented litigants "are afforded some leniency in presenting their cases").

[5] *See Swanson v. Davis*, 2013 WL 3155827, at *4 (Del. June 20, 2013) (stating that the standard of review for a trial court's evidentiary rulings is abuse of discretion).